**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| **EMMANUEL BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 4:20-cv-87 TWP-DML |
| ) | |
| **GENERAL MOTORS LLC** ) | |
| **f/k/a GENERAL MOTORS CO.,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In its Reply Brief, Defendant General Motors challenges Plaintiff's submission into evidence of two job descriptions for the Crib Attendant position, one of which was prepared by Susan Diekhoff on September 18, 2019, and the other of which was updated by Susan Diekhoff on the same date. Defendant contends that Plaintiff "produced the job descriptions during discovery, and relies on them in his Opposition, without ever having authenticated them." These job descriptions are hereinafter referred to as the September 18, 2019, job descriptions (located at Doc. 48-11, pp. 8-11) as distinguished from the August 20, 2019, job description on which General Motors relies (located at Doc. 43-12, pp. 6-7).

For General Motors to raise the issue of authentication with respect to its own business records is both curious and interesting. Significantly, Defendant does not claim that these job descriptions are not legitimate Company job descriptions; it contends, instead, that Plaintiff has failed to authenticate them. This contention is erroneous. These job descriptions have been authenticated by Jeremy Randolph, an employee of General Motors and a committeeman for UAW

1

Local 440 (Fed. R. Evid. 901(b)(1)) as well as by their own appearance and contents (Fed. R. Evidence, 901(b)(4)).

In his Declaration, submitted into evidence by the Plaintiff in connection with his response (Doc. 48-11), Randolph states that he is the UAW Local 440 Committeeman responsible for providing representation to the employees in the production area of the plant; this area includes the employees in the Indirect Materials Department. (Doc. 48-11, ¶¶ 2-3)  He further states:

> Each department in the plant maintains the job descriptions for those jobs that are performed in the department.  In May of this year, I obtained current job descriptions for the Crib Attendant position from the Indirect Materials Department.  I have attached the two job descriptions that I obtained as Exhibit B to this Declaration.

(Id. ¶ 6)  Exhibit B, attached to the Declaration, is comprised of the two Crib Attendant job descriptions either prepared or updated by Susan Diekhoff on September 18, 2019, just five days after the effective date of Plaintiff's termination.

Rule 901 of the Federal Rules of Evidence provides a list of examples of the ways in which evidence may be authenticated.  Examples (b)(1) and (b)(4) apply here. Example (b)(1) provides that authenticating evidence includes "Testimony that an item is what it is claimed to be."  Here, Committeeman Randolph, who has responsibility for representing employees in the Indirect Materials Department, has testified that each department in the plant maintains the job descriptions for the jobs that are performed in that department; and that he obtained the Crib Attendant job descriptions that comprise Exhibit B from the Indirect Materials Department, which is the department in which the Crib Attendants work.

The Seventh Circuit has made it clear that "Only a prima facie showing of genuineness is required; the task of deciding the evidence's true authenticity and probative value is left to the jury." *United States v. Turner*, 836 F.3d 849, 857 (7th Cir. 2016) citing *United States v. Fluker*,

698 F.3d 988, 999 (7th Cir. 2012). Here, the individual with responsibility for representing employees in the Indirect Materials Department concerning their terms and conditions of employment -- which obviously include the job duties in their job descriptions -- has testified that the job descriptions are maintained in the Department and that he obtained these job descriptions from the Department. This is clearly more than prima facie evidence that the document is what Plaintiff claims it is.,

Moreover, Example (b)(4) provides that another way to authenticate a document is through "[t]he distinctive characteristics of the item appearance, contents, substance, internal patterns or other, distinctive characteristics of the item taken together with all the circumstances." Here, a comparison of the September 18, 2019, job descriptions with the August 20, 2019, job description on which General Motors relies clearly establishes that the September 18, 2019, job descriptions are also General Motors' job descriptions for the Crib Attendant position because they share the same overall appearance, the same contents and the same internal patterns. First, the overall appearance and format of the September 18 documents is virtually identical with the overall appearance and format of the September 20 job description. Both are titled Standard Task Sheet; both have the same Plant Name: GMPT- Bedford; both have the same Department/Area: GSC Plantwide; both have nearly the same Operation Name in that for the August 20 job description the Operation Name is "Crib Attendant," and for the September 16 job descriptions the Operation Names are "Crib Attendant 1" and "Crib Attendant 2;" both were prepared by the same person: Susan Diekhoff; and the 28 job tasks listed on the first page of the August 20 job description and the first page of both of the September 18 job descriptions are identical.

Second, the direct relationship between the August 20 job description and the September 16 job descriptions is established by the information in the "Work Change History" section on the

lower right-hand corner of the documents. The August 20 job description was created on 8/20/19 by S. Diekhoff, and it is referenced as a New Document. The first September 18 job description contains an original date of 8/20/19 when it was created by S. Diekhoff as a New Document, followed by a date of 9/18/2019 when it was prepared by S. Diekhoff and is referenced as an Updated STS (Standard Task Sheet). (Doc. 48-11, p. 8). The "Work Change History" on the second September 18 job description shows that on 9/18/19 it was created by S. Diekhoff as a new document.

Thus, from the contents of the documents themselves, it is apparent that on September 18, 2019, General Motors promulgated the revised and new job descriptions for the Crib Attendant position which removed the forklift driving responsibilities from what is now called the Crib Attendant 1 position and assigned the forklift driving responsibilities to the Crib Attendant 2 position. For these reasons, the job descriptions have been properly authenticated under Rule 901(b)(4). *See United States v. Turner*, 718 F.3d 226, 233 (3rd Cir.2013) (foreign bank records properly authenticated under Rule 901(b)(4) where (1) the documents had the appearance of bank records, bore the insignia of foreign banks, contained transaction data typically found on bank records and were internally consistent in appearance; (2) contents provided evidence of authenticity in that they were addressed to defendant and many of them were reconciled with domestic records; (3) the records were seized from defendants home where they were stored in a safe which is where bank records would likely be stored; and (4) defendant had not suggested any reason why the Court should doubt the authenticity of the documents).

Because both the testimony of Jeremy Randolph and the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the [September 18, 2019, Crib Attendant

4

job descriptions] serve to authenticate those job descriptions," Defendant's argument that these job descriptions should not be considered must be rejected.

Respectfully submitted,

MACEY SWANSON LLP

_____s/ Jeffrey A. Macey_____
Jeffrey A. Macey, Atty No. 28378-49
Barry A. Macey, Atty No. 8964-49
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204
Phone: (317) 637-2345
Fax:    (317) 637-2369
Email: jmacey@maceylaw.com
            bmacey@maceylaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of November, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Bonnie L. Martin, Esq.
> Christina M. Kamelhair, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK &STEWART, P.C.
> 111 Monument Circle, Suite 4600
> Indianapolis, IN 46204
> *bonnie.martin@ogletree.com*
> *christina.kamelhair@ogletree.com*

_____s/Jeffrey A. Macey